JOHN A. DiCICCO
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division
BRIAN D. BAILEY
HAYDEN M. BROCKETT
Trial Attorneys
Western Criminal Enforcement Section
P.O. Box 972
Washington, D.C. 20044
Telephone: (202) 514-8031

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:10-CR-0061-KI |
| vs. | ) Response to Defendant's Motions for |
| RONALD JAMES DAVENPORT, | ) -Discovery (77) |
| Defendant. | ) -Disclosure of Grand Jury Testimony (78) |
| | ) -Notice (79) |

The requested discovery orders appear unnecessary. Therefore, the United States requests that the motions be denied. Alternatively, the government requests that any discovery order impose an appropriately reciprocal obligation on the part of the defendant. *See* Fed. R. Crim. P. 16(b).

Insofar as the motions request more than the rules of discovery already require, no showing of a particular need for the additional disclosures is made. Moreover, the government has yet to decline a single request from the defendant for available discovery. The defendant has a complete report of investigation and supplemental material. As other material becomes available, it will be provided to the defendant's counsel.

After these latest discovery motions were filed, government counsel called the defense counsel and discussed the discovery posture of the case. Additional consultations are likely. As for the specific items requested in his motions, the Government responds as follows.

Response to Defendant's Motions (77, 78, 79)  - 1

Witness List.  The government has yet to finalize its list of witnesses, but anticipates calling each of the victims of the defendant's false liens.  It may also call employees from the government offices where the liens were filed and a witness as to the defendant's in-court statements about the liens.  These statements were made in a civil state action (*McDevitt v. Davenport*, No. 10-2-00457-7 (Spokane County Super. Ct.)), and a copy of the relevant hearing transcript has been provided to the defense.  As preparation for trial moves forward, additional witnesses may become necessary.

Exhibit List et al.  The government has yet to finalize its exhibit list, but anticipates introducing certified copies of the liens that the defendant filed, a recording of statements that he made in the state court proceeding mentioned above, and evidence from other litigation (e.g., *Davenport v. Long Beach Mortgage Co.*, No. CS-03-0476-LRS (E.D. Wash.)) in which similar conduct by the defendant was rejected by the court as invalid.  The defendant has permission to review and examine any of this evidence and should have independent access to much of it.

404(b) Evidence.  As indicated above, the general nature of evidence the government may present under Fed. R. Evid. 404(b) involves similar conduct by the defendant (e.g., intimidating liens or notices of claim) in other litigation that a court or other authority has rejected as invalid.

Co-conspirator Statements.  The government does not presently intend to introduce any co-conspirator statements against the defendant.

Experts.  The government does not presently intend to introduce any expert witness or summary at trial, unless perhaps to explain the proper uses of a maritime lien.  Notices will be provided when and if such a witness or any other expert is deemed necessary.

Reports of Examinations and Tests.  The government is presently unaware of any report of examination or test relating to this case.  Although a mental

Response to Defendant's Motions (77, 78, 79)  - 2

evaluation of the defendant was ordered in connection with the defendant's motion for conditional release, the government understands that a written report was never prepared.

Brady Material.  As such material becomes apparent, the government will continue to notify the defense.

Rule 609 Evidence.  The government is unaware of any record of conviction that could be used against the defendant in this case.

Grand Jury Testimony.  The government has no transcript of grand jury testimony given by a person who is expected to be called as a witness at trial.

Rule 12(b)(3) Evidence.  In clearing out the house that was subject to foreclosure, the defendant left behind certain documents.  The government has not yet determined what, if any, admissible evidence may exist among those documents.  The defendant certainly has permission to review them.  Otherwise, the government is unaware of evidence--apart from what has already been provided to the defense--that could be the subject of a suppression motion.

Of course, further disclosures will be made as necessary and pursuant to the government's ongoing discovery obligations.

Conclusion

The Court should deny the defendant's three motions.  Court orders are unnecessary to trigger the usual discovery obligations, and the defendant has failed to demonstrate how those obligations are inadequate in this case.

RESPECTFULLY SUBMITTED on December 3, 2010.

John A. DiCicco
Acting Assistant Attorney General


 s/ Brian D. Bailey
Brian D. Bailey
Trial Attorney

Response to Defendant's Motions (77, 78, 79)  - 3

1

2 <u>Certificate of ECF Compliance/Mailing</u>

3

4    I hereby certify that on December 3, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will automatically send notification of such filing to the opposing party's

5 representative, as follows:

6    Peter S. Schweda, Esquire.

7

8                                s/ Brian D. Bailey
9                                Brian D. Bailey
                               Trial Attorney
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Response to Defendant's Motions (77, 78, 79)  - 4