IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON


**UNITED STATES OF AMERICA**,                                    Criminal Case No. 10-61-KI

                Plaintiff,

                                          OPINION AND ORDER

      vs.

**RONALD JAMES DAVENPORT**,

                Defendant.


        John A. DiCicco
        Acting Assistant Attorney General
        U. S. Department of Justice, Tax Division
        Brian D. Bailey
        Hayden M. Brockett
        Western Criminal Enforcement Section
        P. O. Box 972
        Washington, D. C.  20044

            Attorney for Plaintiff

Phillip Wetzel
901 N. Adams
Spokane, Washington  99201

        Attorney for Defendant

KING, Judge:

Defendant Ronald James Davenport has been indicted with four counts of filing false

liens against officers and employees of the federal government, "knowing and having reason to

know that the lien and encumbrance was false and contained materially false, fictitious and

fraudulent statements and representations, including a claim that [the government official] owed

defendant $5,184,000,000, all in violation of 18 U.S.C. § 1521."  Indictment, Counts 1-4.

Pending before the Court is defendant's Motion to Dismiss (#96).  For the following reasons, I

deny the motion.

## DISCUSSION

Defendant seeks to dismiss the indictment on the basis that the documents he filed in the

public records of the Spokane County Auditor and the Whatcom County Auditor were not liens.

Consequently, because he did not file a lien at all, defendant argues the government cannot prove

beyond a reasonable doubt that he filed false liens.

Defendant filed a document entitled "NOTICE OF CLAIM OF MARITIME LIEN" on

the properties of government officials James McDevitt, Rolf Tanvald, James Larsen, and

William Waight.  In each document, defendant identifies the "vessel" as U.S. M/V James

McDevitt, the U.S. M/V James Larsen, the U.S. M/V Rolf Tangvald and the U.S. M/V William

Waight.  The documents identify the owner of these "vessels" as RAY LAHOOD US

Transportation and the claimant as defendant.  Each document contains a detailed description of

Page 2 - OPINION AND ORDER

the real and personal property attached and "any other thing of value as needed to satisfy this claim."  Gov't. Resp. Ex. 1.

The statute with which defendant is charged provides as follows:

Whoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation, shall be fined under this title or imprisoned for not more than 10 years, or both.

18 U.S.C. § 1521.

Defendant argues that the documents he filed were not liens.  They were "facially invalid notices of claims of maritime liens."  Def.'s Mem. 4.  The documents were entitled "NOTICE OF CLAIM OF MARITIME LIEN" and did not claim to be liens that encumbered real or personal property.  Additionally, maritime liens are not recorded but, rather, attach to the vessel.  No ship existed, so no lien existed.  Furthermore, the documents were entitled "NOTICE" of maritime liens, and were not liens themselves.  For all these reasons, the documents filed were not liens, maritime or otherwise.  Alternatively, if the term is ambiguous, defendant argues it must be construed against the government.

Setting aside defendant's argument that the documents he filed were not liens, the statute with which defendant has been charged is broad in that, in addition to liens, it prohibits the filing of an "encumbrance."  An encumbrance is a "claim or liability that is attached to property or some other right and that may lessen [the property or other right's] value[.]"  Black's Law Dictionary 568 (8th ed. 2004).  The use of "encumbrance" suggests Congress intended to avoid technical requirements–any document that looks like a lien is prohibited.

Page 3 - OPINION AND ORDER

That defendant entitled the documents a "notice" and a "maritime" lien does not bring his actions outside the net of the statute. The statute does not require that the "false lien or encumbrance" meet technical requirements to be a "lien" or "encumbrance." Indeed, the statute punishes the filing of "false liens" not "false [valid] liens" since all false liens are invalid. The words "false lien" must be read together–"bogus records intended to function as liens by burdening and impairing another's interest in property." Gov't. Resp. 3.

This interpretation is consistent with the legislative history of the statute. The statute was enacted as part of the Court Security Improvement Act in 2007. The House Report states that the statute "creates a new Federal criminal offense for the filing of <u>fictitious</u> liens against real and personal property owned by Federal judges, attorneys and employees [and] is intended to penalize individuals who seek to intimidate and harass Federal judges and employees by filing false liens against their real and personal property." H.R. Rep. No. 110-218, pt. 1 at 827 (2007) (emphasis added). The use of the term "fictitious" undermines defendant's argument that the false lien must meet the technical requirements of a "lien."

In sum, I am not persuaded by defendant's arguments and I deny his motion to dismiss.


///


///


**CONCLUSION**


Page 4 - OPINION AND ORDER

For the foregoing reasons, I deny defendant's Motion to Dismiss (#96).

IT IS SO ORDERED.

Dated this _____29th_____ day of March, 2011.


                         ____/s/ Garr M. King_____

                         Garr M. King
                         United States District Judge