UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **United States of America**, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> **Ronald James Davenport**, ) <br> ) <br>    Defendant. ) <br> ) <br> _____) | OPINION AND ORDER <br> ON POST-TRIAL MOTIONS <br><br> No. 2:10-CR-0061-KI |

     Ronald James Davenport was charged and convicted of four counts of filing false liens against officers and employees of the federal government. Pending before the court is Davenport's *pro se* Motion for a Judgment of Acquittal Per Criminal Rule 29(c)(3) [198], Motion for a New Trial Per Criminal Rule 33(a)(2) [196], Amended Motion for a New Trial Per

Page 1 - OPINION AND ORDER ON POST-TRIAL MOTIONS

Federal Rule of Criminal Procedure 33(a)(2) or in the Alternative a Motion to Dismiss with Prejudice [203], and the government's Motion for Detention Pending Sentencing Pursuant to 18 U.S.C. § 3143 [193]. For the following reasons, I deny all the motions.

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 29(c) permits a defendant to move for a judgment of acquittal after a guilty verdict. When considering a motion for judgment of acquittal, the conviction stands if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Tucker, 641 F.3d 1110, 1118-19 (9th Cir. 2011) (quoting United States v. Nevils, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (italics omitted), and Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

The court may grant a new trial under Federal Rule of Criminal Procedure 33 "if the interest of justice so requires." The court's power to grant a new trial is "much broader than its power to grant a motion for judgment of acquittal." United States v. Kellington, 217 F.3d 1084, 1097 (9th Cir. 2000). The court may weigh the evidence and evaluate the credibility of witnesses. "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Id.

Once a defendant has been found guilty of an offense carrying a term of imprisonment, the court must take him into custody unless the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person. 18 U.S.C.

§ 3143(a).

## DISCUSSION

I.     <u>Motion for Judgment of Acquittal</u>

Davenport's primary argument in his Motion for Judgment of Acquittal is that he did not know filing Notice of Maritime Liens against the properties of government officials was unlawful. He also argues that the prosecutor biased the jury against him, and that the prosecutor acted under a conflict of interest due to his status as a government official himself.

I find no merit in Davenport's arguments. Viewing the evidence in the light most favorable to the government, as I am required to do under Federal Rule of Criminal Procedure 29(c), any rational trier of fact could have found Davenport guilty beyond a reasonable doubt of the four counts with which he was charged. As I instructed the jury, Davenport did not need to know that his acts were unlawful to be convicted; it was sufficient that he knew or had reason to know that the liens were false. In addition, I find no bias or conflict of interest element here. This motion is denied.

II.    <u>Motion for a New Trial</u>

In addition to the arguments I resolved above against Davenport with respect to his Motion for Judgment of Acquittal, Davenport argues: (1) exhibits 8, 11 and 12 were included in the evidence book to which the jurors had access, when those documents were never admitted; (2) I prevented Davenport from calling a witness; (3) the jury instructions did not include an explanation about maritime liens; (4) I denied a continuance Davenport requested to investigate government misconduct in bringing the indictment against him; (5) filing lien dates should have been included in the jury instructions; and (6) a statement by the victim witness about

Page 3 - OPINION AND ORDER ON POST-TRIAL MOTIONS

Davenport's status on Security Alert biased the jury against him.

      I cannot find that the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, and none of Davenport's arguments convinces me otherwise. The clerk's list of exhibits indicates only two exhibits were not admitted: Davenport's UCC filings (exhibit 8) and a DVD (exhibit 11). Davenport identifies nothing in either of those exhibits prejudicing him and, although the jury may have had access to them during the trial, the jury did not have either of these exhibits during their deliberations when they were instructed to consider only admitted evidence. Similarly, I find no merit in Davenport's remaining arguments. He was required to comply with Federal Rule of Criminal Procedure 16(b)(1)(C) in giving the government notice about his expert witness, any further instruction to the jury about maritime liens was unnecessary, the court's *in camera* review of communications from the United States Attorney's office mooted any need for a continuance, providing the indictment to the jury resolved his concern about filing dates, and the victim witness's mention of the need for precautions was in passing and not sufficient to undermine the jury's verdict. This motion is denied.

III.    Amended Motion for a New Trial or Alternative Motion to Dismiss

      In this pro se motion, filed January 3, 2012, Davenport reiterates his continuing belief that he is a sovereign, that he does not recognize that the United States "corporation" or its Constitution has any authority over him, and other frivolous arguments. I do not need to decide whether this motion is timely under Federal Rule of Civil Procedure 33(b)(2) because no argument Davenport raises in this motion is worthy of discussion and this motion is denied.

IV.    Motion for Detention Pending Sentencing

Page 4 - OPINION AND ORDER ON POST-TRIAL MOTIONS

The government seeks Davenport's detention pending sentencing. The government first raises concerns about Davenport's likelihood of fleeing. Although it concedes he "has been mostly compliant with his release conditions," it fears that the guidelines range he faces of 41 to 51 months' imprisonment will change his behavior. Govt.'s Mot. for Detention 3-4. The government also believes the defendant's early failure to appear at his arraignment, statements he has made about the court's lack of jurisdiction, and his frustration with the trial rulings demonstrate his likelihood of fleeing. The government additionally argues Davenport poses a risk to the community by filing documents with the court referencing one of the victims, filing documents with bloody thumbprints or facsimiles thereof, and having filed false liens in the past before engaging in the charged conduct.

I find by clear and convincing evidence that Davenport does not pose a risk of flight or a danger to the community. I rely heavily on Davenport's supervising probation officer's opinion that Davenport does not need to be taken into custody. Davenport has been on electronic monitoring during his release, has given no indication of violating conditions, and has followed the probation officer's directions. His early failure to appear was explained and resolved at a hearing in August of 2010. Since then, Davenport has appeared for every telephone conference and every day of trial. Davenport expressly stated his understanding before trial that his chances of acquittal were very slim, yet he appeared for trial as required. These acts speak louder than the words he files with the court indicating his view that the court lacks jurisdiction.

## CONCLUSION

For the foregoing reasons, Davenport's *pro se* Motion for a New Trial Per Criminal Rule 33(a)(2) [196], Motion for a Judgment of Acquittal Per Criminal Rule 29(c)(3) [198],

Page 5 - OPINION AND ORDER ON POST-TRIAL MOTIONS

Amended Motion for a New Trial Per Federal Rule of Criminal Procedure 33(a)(2) or in the Alternative a Motion to Dismiss with Prejudice [203], and the government's Motion for Detention Pending Sentencing Pursuant to 18 U.S.C. § 3143 [193] are denied.

IT IS SO ORDERED.

     Dated this   3rd   day of January, 2012.

                                            /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge