UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **United States of America**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| v. ) | ON SECTION 2255 MOTION |
| ) | |
| ) | No. 2:10-CR-0061-KI |
| ) | |
| **Ronald James Davenport**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court is defendant Ronald James Davenport's motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence [273].

## BACKGROUND

Ronald James Davenport was charged and convicted of four counts of filing false liens

Page 1 - OPINION AND ORDER ON SECTION 2255 MOTION

against officers and employees of the federal government, in violation of 18 U.S.C. § 1521.  He was sentenced to 41 months' imprisonment.  He appealed his conviction and the Ninth Circuit affirmed.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u[nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998).  Mere conclusory statements in a § 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

## DISCUSSION

In four separate grounds, Davenport contends in various ways that this court lacks subject matter jurisdiction.  Here, of course, this court has "original jurisdiction . . . over all offenses against the laws of the United States."  18 U.S.C. § 3231.  Since the United States charged

Davenport with violations of the laws of the United States, as alleged in the indictment, this court had subject matter jurisdiction.

Davenport makes a lengthy, largely incoherent argument about the "United States" being a different entity from the "United States of America." The two terms refer to the same entity and are used interchangeably. Similar arguments are routinely rejected. See United States v. $22,361.83 U.S. Funds seized from various accounts, No. CV-11-0317-EFS, 2012 WL 1884386 (E.D. Wash. May 23, 2012); United States v. Saladino, No. 07-CR-535-BR, 2010 WL 2696708 (D. Or. July 7, 2010); Donohue v. I.R.S., No. CV-N-97-0521-DWH PHA, 1998 WL 751943 (D. Nev. June 25, 1998).

## CONCLUSION

Based on the foregoing, defendant Ronald James Davenport's motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence [273] is DENIED. Because Davenport has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this ___17th___ day of June, 2013.

      /s/ Garr M. King
      Garr M. King
      United States District Judge